IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT P. JOHNSON, II**     **PLAINTIFF**

v.     **CIVIL ACTION NO. 1:16-cv-139-HSO-JCG**

**CITY OF GULFPORT, HARRISON COUNTY, MISSISSIPPI; TROY PETERSON** *Sheriff of Harrison County*; **EVAN HUBBARD; and UNKNOWN PAYNE** *Officer with the City of Gulfport Police Department*     **DEFENDANTS**

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S SUIT BE DISMISSED FOR FAILURE TO PROSECUTE AND THAT DEFENDANT CITY OF GULFPORT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED

BEFORE THE COURT is the Motion to Dismiss or for Summary Judgment, filed by Defendant City of Gulfport, Mississippi. (ECF No. 32). Plaintiff Robert P. Johnson II, has not responded to the City's Motion, despite twice being ordered to do so. Johnson did not appear at the duly-noticed omnibus hearing or respond to the post-hearing Order to Show Cause. He has apparently been released with probation, and his whereabouts are unknown. Having reviewed the submissions of the parties, the record, and relevant law, the undersigned recommends that all claims against all Defendants be dismissed under Federal Rule of Civil Procedure 41(b) for Johnson's failure to prosecute. The City of Gulfport should also be granted summary judgment because Johnson has not articulated or demonstrated a basis for municipal liability.

I. BACKGROUND

Plaintiff Robert P. Johnson, II, was arrested in Gulfport, Mississippi, on January 21, 2016, for malicious mischief and resisting arrest. (ECF No. 7, at 1). During the arrest, K-9 officer Sgt. Wayne Payne of the Gulfport Police Department released his canine, which wounded Johnson on both of his arms. *Id.* Johnson was taken into custody and housed at the Harrison County Adult Detention Center (HCADC) in Gulfport, where his wounds were treated.

On April 27, 2016, Johnson filed a Complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated because the Gulfport Police Department used excessive force against him. Johnson further alleged that the medical care he received at HCADC was "improper," resulting in his getting staph infection. (ECF No. 7, at 1, ECF No. 9, at 1). Johnson contends that both of his arms now need surgery. (ECF No. 1, at 1; ECF No. 9, at 1).

Johnson initially sued only the Gulfport Police Department. The Court issued an Order replacing the Gulfport Police Department with the proper Defendant, the City of Gulfport. (ECF No. 10). Johnson amended his Complaint to assert claims against Harrison County, Mississippi; Troy Peterson, Sheriff of Harrison County; Major Evan Hubbard, Warden of HCADC; and Sgt. Wayne Payne. (ECF No. 13, 1-2). Johnson asserts failure to train and excessive force against the City of Gulfport. He seeks to hold Harrison County, Sheriff Peterson, Warden Hubbard, and the City of Gulfport liable for unsanitary living conditions, overcrowding, and inadequate medical care at HCADC. (ECF No. 13, at 1).

The City of Gulfport filed a Motion for Dismiss or for Summary Judgment on November 2, 2016, asserting that Johnson had failed to plead or prove that a policy or custom of the City was the moving force behind an alleged violation of his constitutional rights. (ECF No. 32, at 2-3). Johnson did not respond to the City's Motion.

The Court issued an Order to Show Cause (ECF No. 34) on April 7, 2017, ordering Johnson to file a response to the City's Motion by April 28, 2017. (ECF No. 34). The Order to Show Cause was mailed to Johnson's address of record. By this time, Johnson had filed two change of address notices, the latest indicating that he was housed at East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi. (ECF No. 22). The Order to Show Cause was mailed to Johnson at EMCF, but EMCF returned the mail as undeliverable. (ECF No. 36).

The Court then set an omnibus hearing for June 28, 2017, which was to serve as a *Spears* hearing and a case management hearing. (ECF No. 37).[1] A Writ of Habeas Corpus Ad Testificandum issued to the Warden of EMCF to produce Johnson for the omnibus hearing. (ECF No. 38). The Court received an email from a records clerk at EMCF on June 22, 2017, advising that Johnson was no longer housed at EMCF but had been released with probation to Harrison County.

Johnson did not appear at the omnibus hearing on June 28, 2017. The Court issued an Order to Show Cause, ordering Plaintiff to file a response in writing on or

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

before July 12, 2017, showing cause why his failure to appear at the omnibus hearing and to abide by the Court's numerous Orders requiring him to keep the Court apprised of his current address and to respond to the City's Motion should not result in dismissal of his suit for failure to prosecute. (ECF No. 40). Plaintiff was specifically warned that failure to comply by timely filing a written response would result in an immediate recommendation to the District Judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Order to Show Cause was mailed to Johnson at his last known address, which was the address provided at EMCF. EMCF again returned the mail as undeliverable with a note stating "out gone from facility." (ECF No. 42).

## II. DISCUSSION

A. Failure to Prosecute

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte*. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the Court finds that Johnson's conduct shows a clear pattern of delay and contumacious conduct. Johnson has not kept the Court apprised of his mailing address, even after being warned ten times that failure to do so subjected his case to dismissal. (ECF Nos. 3, 6, 8, 10, 12, 14, 20, 34, 37, 40). Johnson has been advised on five occasions of his duty to prosecute. (ECF Nos. 14, 20, 34, 37, 40). Johnson has not filed a response to the City of Gulfport's Motion, despite being ordered twice to do so. (ECF Nos. 34, 40). Johnson did not appear at the omnibus hearing, nor did he respond to the post-hearing Order to Show Cause. (ECF No. 40) Johnson apparently has been released with probation and no longer has an interest in pursuing this suit. Lesser sanctions than dismissal would not prompt diligent prosecution. The undersigned recommends that all claims against all Defendants be dismissed under Federal Rule of Civil Procedure 41(b) for Johnson's failure to prosecute and to abide by numerous Orders of the Court.

B.  City of Gulfport's Motion for Summary Judgment

The City of Gulfport is also entitled to summary judgment. The City filed a Motion entitled "Motion of City of Gulfport, Mississippi to Dismiss Pursuant to Fed.

R. Civ. P. 12 or for Summary Judgment." (ECF No. 31). The undersigned addresses the Motion as one for summary judgment. Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which they believe demonstrate the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323-325. If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-25.

The Plaintiff may not rest upon mere allegations in his Complaint, but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). The non-moving party cannot satisfy his summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Instead, § 1983 affords "a remedy only to those who suffer, as a result of state

action, deprivation of 'rights, privileges, or immunities secured by the Constitution and the laws' of the United States." Id. (quoting 42 U.S.C. §1983). A fundamental requirement of any § 1983 claim is the existence of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 330 (1986).

Municipalities are deemed to be "persons" susceptible to suit under § 1983. *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 694-95 (1978). Municipal liability, however, cannot be sustained under a theory of *respondeat superior* or vicarious liability for wrongdoing by a municipal employee. *Id.* at 691. For a municipality to be held liable, the plaintiff must show the culpability of the municipality itself by proving three elements: "a policymaker; an official policy or custom; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell,* 436 U.S. at 694). The existence of an official policy may be demonstrated by evidence of a "persistent widespread practice of . . . officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [official] policy." *Burge v. St. Tammany Par.,* 336 F.3d 363, 369 (5th Cir. 2003). "Actual or constructive notice of [a] custom must be attributable to the governing party of the municipality." *Webster v. City of Houston,* 735 F.2d 838, 842 (5th Cir. 1984). The *Monell* requirements are necessary to distinguish isolated violations by individual employees from those violations that can be fairly attributed to the conduct of the government entity itself. *Id.* at 579.

Johnson claims that the City "is responsible for its police department and also responsible for it jail or HCADC as well as it Oficer's, Sherif's, Warden's, and medical proshedger's." (ECF No. 7, at 1) [all sic in original]. Johnson's allegations against the City are based on the impermissible theories of *respondeat superior* and vicarious liability. The City's Motion to Dismiss or for Summary Judgment seeks dismissal of the claims against it on this basis, and Johnson has failed to respond despite being ordered to do so. Even if Johnson could establish a violation of his constitutional rights, he has not articulated or demonstrated that an official policy or custom of the City of Gulfport was to blame. The claims against the City of Gulfport should be dismissed.

### III. RECOMMENDATION

It is recommended that all claims against all Defendants be dismissed under Federal Rule of Civil Procedure 41(b) for Johnson's failure to prosecute and obey numerous orders of the Court. It is further recommended that the City of Gulfport's Motion for Summary Judgment be granted because Johnson has not articulated or demonstrated a basis for municipal liability.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the

district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); see 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 3rd day of August, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE