# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT P. JOHNSON, III | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:16cv139-HSO-JCG |
| | § | |
| CITY OF GULFPORT; HARRISON COUNTY, MISSISSIPPI; TROY PETERSON, *Sheriff of Harrison County*; EVAN HUBBARD; and WAYNE PAYNE, II | § § § § § § | DEFENDANTS |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [44], GRANTING DEFENDANT CITY OF GULFPORT'S MOTION [31] TO DISMISS OR FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

BEFORE THE COURT is the Report and Recommendation [44] of United States Magistrate Judge John C. Gargiulo, entered in this case on August 3, 2017. The Magistrate Judge recommended that this case be dismissed without prejudice for failure to prosecute. R. & R. [44] at 1. The Magistrate Judge further recommended that Defendant City of Gulfport's Motion [31] to Dismiss or for Summary Judgment be granted and that summary judgment be entered in favor of Defendant because Plaintiff has not demonstrated a basis for municipal liability under 42 U.S.C. § 1983. *Id.*

Plaintiff Robert Johnson, III ("Plaintiff") has not filed any objection to the Report and Recommendation [44], and the time for doing so has passed. Where a party fails to file specific objections, the district court reviews the report and recommendations for findings and conclusions that are clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

After thoroughly reviewing the Magistrate Judge's Report and Recommendation [44], the pending Motion [31], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [44] is neither clearly erroneous nor contrary to law, and should be adopted as the finding of this Court. Defendant City of Gulfport's Motion [31] to Dismiss or for Summary Judgment should also be granted, and this case should be dismissed without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

Proceeding pro se, Johnson initiated this action pursuant to 42 U.S.C. § 1983 on April 27, 2016, naming the Gulfport Police Department as a Defendant. At the time, Plaintiff was housed at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi, following his January 21, 2016, arrest for malicious mischief and resisting arrest. *See* Compl. [1] at 1; Resp. to Order [7] at 1. Plaintiff alleged that his constitutional rights were violated when Gulfport Police Department K-9 officer Sgt. Wayne Payne ("Sgt. Payne") released a canine during the arrest, resulting in wounds to both of Plaintiff's arms. Compl. [1] at 4; Resp. to Order [7] at 1. Plaintiff alleges that he received improper medical care, that he developed a staph infection, that he is disfigured and has lost motor skills in his hands, and that both arms now require surgery. *See* Compl. [1] at 4; Resp. to Order [7] at 1; Resp. to Order [9] at 1.

On June 28, 2016, the Court issued an Order [10] replacing the Gulfport Police Department with the proper Defendant, the City of Gulfport ("the City"). On August 3, 2016, Plaintiff amended his Complaint [1] to assert claims against Harrison County, Mississippi; Troy Peterson, Sheriff of Harrison County; Major Evan Hubbard, Warden of HCADC; and Sgt. Payne, seeking to hold Defendants liable for failure to train, excessive force, unsanitary living conditions, overcrowding, and inadequate medical care at HCADC. *See* Resp. to Order [13] at 1-2.

The City filed its Motion [31] to Dismiss or for Summary Judgment on November 2, 2016, arguing that Plaintiff has failed to state a claim for relief against it because he has not satisfied his burden of showing that the alleged constitutional violations occurred pursuant to an official policy or custom of the City. Mem. Supp. Mot. [32] at 2-3. Plaintiff did not file a response to the Motion [31]. On April 7, 2017, the Court issued an Order to Show Cause [34] directing Plaintiff to file a response to the City's Motion [31] by April 28, 2017. The Order to Show Cause [34] was mailed to Plaintiff at East Mississippi Correctional Facility ("EMCF"), the most recent address on file with the Court, but was returned as undeliverable. *See* Returned Mail [36].

The Court then scheduled an omnibus hearing for June 28, 2017, and issued a Writ of Habeas Corpus ad Testificandum to the Warden at EMCF to produce

3

Plaintiff for the hearing. *See* Order Setting Omnibus Hearing [37]; Writ of Habeas Corpus ad Testificandum [38]. The Court received an email from EMCF on June 22, 2017, advising that Plaintiff was no longer housed at EMCF, but had been released with probation to Harrison County. R. & R. [44] at 3. Plaintiff did not appear at the omnibus hearing. *Id.*; Minute Entry June 28, 2017. The Court issued an Order to Show Cause [40] requiring Plaintiff to file a response by July 12, 2017, showing why this case should not be dismissed for failure to prosecute after Plaintiff failed to appear at the omnibus hearing and did not abide by the numerous Orders of the Court requiring him to keep the Court apprised of his address and further failed to respond to the City's Motion [31]. The Order [40] was mailed to Plaintiff at EMCF, his last known address, but was again returned as undeliverable by the correctional facility. *See* Returned Mail [42]. Plaintiff did not respond to the Order to Show Cause [40].

As a result of Plaintiff's failure to keep the Court apprised of his current address, his failure to appear at the omnibus hearing, and his failure to respond to Court Orders, on August 3, 2017, the Magistrate Judge entered a Report and Recommendation [44] that Plaintiff's case be dismissed for failure to prosecute. R. & R. [44] at 1. The Magistrate Judge further recommended that Defendant City of Gulfport be granted summary judgment because Plaintiff's claims that the City "is responsible for its police department and also responsible for it[s] jail" are based on

impermissible theories of *respondeat superior* and vicarious liability. *Id.* at 8 (quoting Resp. to Order [7] at 1). The Magistrate Judge determined that, even if Plaintiff could establish that his constitutional rights were violated, his § 1983 claims against the City are subject to dismissal because he has not shown that any such constitutional violations were caused by the existence of a municipal policy or custom. *Id.*

The docket indicates that a copy of the Report and Recommendation [44] was sent to EMCF via certified mail on August 3, 2017, and an acknowledgement of receipt was returned on August 9, 2017, signed for by someone at EMCF other than Plaintiff on August 7, 2017. *See* Acknowledgment of Receipt [45]. To date, Plaintiff has submitted no written objections nor has he updated his address with the Court.

## II. DISCUSSION

A. Standard of Review

Where no party has objected to a magistrate judge's proposed findings of fact and recommendations, the Court need not conduct a *de novo* review of the proposed findings of fact and recommendations. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the proposed findings of fact and recommendation and determine whether it is either clearly erroneous or contrary to law. *United*

5

*States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.     Analysis

   1. Plaintiff's claims against all Defendants will be dismissed for failure to prosecute.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute or to comply with any order of the Court under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).  The Court must be able "to clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the" Court.  *Id.* at 629-30.

Plaintiff did not comply with several Orders entered by the Magistrate Judge even after being warned numerous times that failure to do so would result in the dismissal of his case.  *See, e.g.,* Order [3] at 2; Order [6] at 1; Order [12] at 1; Order [14] at 3; Order [34] at 1; Order [37] at 2.  Plaintiff did not appear at the omnibus hearing and did not respond to the Order to Show Cause [40] requiring him to file a response showing why this case should not be dismissed for failure to prosecute after his failure to appear.  Plaintiff has not contacted the Court since he last filed a

6

Change of Address [22] with the Court on September 30, 2016, updating his address to EMCF. Such inaction presents a clear record of delay and an indication that Plaintiff no longer wishes to pursue this lawsuit. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). The record demonstrates that lesser sanctions than dismissal would not prompt diligent prosecution. *Id.* at 1191-92.

Having conducted the required review, the Court finds that the Magistrate Judge's Report and Recommendation [44] is neither clearly erroneous nor contrary to law. The Magistrate Judge properly recommended that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to comply with the Court's numerous Orders warning him that failure to keep the Court apprised of his current address or to comply with any order of the Court might result in dismissal of this lawsuit.

2. The City of Gulfport is entitled to summary judgment on Plaintiff's § 1983 claims.

Federal Rule of Civil Procedure 56(a) states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which they believe demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). If the movant carries this burden, the burden

shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-25.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Municipalities are deemed "persons" amenable to suit under § 1983. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 690-91 (1978). However, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. For a municipality to be held liable under § 1983, there must be "proof of three elements: a policymaker; an official policy or custom; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell,* 436 U.S. at 694).

Plaintiff has not objected to the Magistrate Judge's findings that his claims for alleged constitutional deprivations against the City of Gulfport are based on impermissible theories of *respondeat superior*, and that Plaintiff has not shown the alleged violations resulted from any policy, practice, or custom of the City. *See* R. & R. [44] at 8. These findings are not clearly erroneous, an abuse of discretion, or contrary to law. Without evidence of any policy, practice, or custom of the City of Gulfport, Plaintiff's § 1983 claims against the City fail as a matter of law. *See Piotrowski*, 237 F.3d at 578. The Magistrate Judge's Report and Recommendation

8

[44] will be adopted as the finding of this Court, Defendant City of Gulfport's Motion [31] to Dismiss or for Summary Judgment will be granted, and this case will be dismissed without prejudice.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [31] to Dismiss or for Summary Judgment filed by Defendant City of Gulfport is **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [44] of United States Magistrate Judge John C. Gargiulo, entered in this case on August 3, 2017, is adopted in its entirety as the finding of this Court, and this civil action is **DISMISSED WITHOUT PREJUDICE**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 25th day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE